# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| JOLENE L. HOFFMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 3:10-cv-01140 |
| | ) | |
| COMDATA NETWORK, INC., | ) | FLSA ACTION |
| | ) | |
| Defendant. | ) | Judge William J. Haynes, Jr. |
| | ) | Magistrate Judge John Bryant |
| | ) | |

# INITIAL CASE MANAGEMENT ORDER

**I.  Jurisdiction and Venue:**

The parties do not dispute jurisdiction. This Court has jurisdiction of Plaintiff's FLSA claim under 28 U.S.C. § 1331 because it is a civil action arising under the laws of the United States. Venue is proper because Defendant's principal place of business is located in this judicial district.

**II.  Parties' Theories of the Case:**

**A.  Plaintiff's theory of the case:**

Plaintiff is employed by defendant as an IT Project Coordinator. Plaintiff's job duties are and have been such that she is a non-exempt employee, and under the FLSA, defendant is required to pay plaintiff overtime compensation for hours worked over 40 in a workweek. Defendant has failed to pay plaintiff overtime compensation, in violation of the FLSA. Defendant's violations of the FLSA were willful.

Defendant is liable to plaintiff for unpaid overtime compensation under the FLSA, 29 U.S.C. §216(b), for each workweek that plaintiff worked more than 40 hours but was not compensated at a rate of one and one-half times her regular rate of pay for each hour over 40 worked by plaintiff in such workweek. Also under the FLSA, 29 U.S.C. §216(b), defendant is liable to plaintiff for liquidated damages in an amount equal to the unpaid overtime compensation.

  **B.** **Defendant's theory of the case:**

Defendant denies that Plaintiff worked any hours in excess of forty per week and denies that it failed to pay her overtime for hours worked in excess of 40 per week. If Plaintiff did work in excess of 40 hours in any given week, she did not notify her managers of the same. If Plaintiff did work over 40 hours per week, and if she is entitled to any overtime, then the fluctuating workweek method of calculating the regular rate of pay and overtime is applicable. Defendant's actions were not willful and were in good faith.

**III.** **Schedule of Pretrial Proceedings**

  A. <u>Rule 26(a)(1) Disclosure</u>

The parties are in the process of informally exchanging information and hope to settle this case at a judicial settlement conference. As such, the parties request that the Rule 26 disclosure be postponed until May 15, 2011.

  B. <u>Meeting of Counsel and Parties to Discuss Settlement Prospects</u>

The parties shall have a judicial settlement conference no later than April 30, 2011. A representative of Comdata with settlement authority shall attend.

C. <u>Other Pretrial Discovery Matters</u>

As determined at the case management conference, this action is set for a bench trial on **March 27, 2012** at **9:00 a.m**. If this action is settled, the Law Clerk shall be notified by noon on **March 23, 2012**. A pretrial conference shall be held **March 12, 2012** at **3:00 p.m.**. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on October 31, 2011. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions and <u>Daubert</u> motions shall be filed by the close of business on November 15, 2011, and any response thereto shall be filed by the close of business on December 6, 2011. Any reply shall be filed by the close of business on December 20, 2011.

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

Interrogatories pursuant to FRCP Rule 33 shall be limited to 60 such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local Rules of Court shall govern.

By the close of business on August 31, 2011, the plaintiff shall declare to the defendants the identity of her expert witnesses and provide all the information specified in Rule 26 (a)(2)(B).

By the close of business on September 30, 2011, the defendants shall declare to the plaintiff the identity of their expert witnesses and provide all the information specified in Rule 26 (a)(2)(B). Any supplements to expert reports shall be filed by the close of business on October 31, 2011. There shall not be any rebuttal expert witnesses.

It is so ORDERED.

*s/ John S. Bryant*
JOHN S. BRYANT
United States Magistrate Judge

APPROVED FOR ENTRY:

s/ Wade B. Cowan
Wade B. Cowan (BPR No. 9403)
150 Second Avenue North, Suite 225
Nashville, TN 37201
(615) 256-8125 (phone)
(615) 242-7853 (fax)
wcowan@dhhrplc.com
Attorney for Plaintiff

4

s/ Jennifer B. Robinson
Jennifer B. Robinson (BPR No. 020380)
Tara L. Presnell (BPR No. 24424)
MILLER & MARTIN, PLLC
1200 One Nashville Place
150 Fourth Avenue, North
Nashville, TN  37219
(615) 744-8408 (phone)
(615) 256-8197 (fax)
jrobinson@millermartin.com
tlpresnell@millermartin.com

Attorneys for Defendant