IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOLENE L. HOFFMAN )
)
v. ) NO. 3:10-1140
)
COMDATA NETWORK, INC. )

**O R D E R**

On March 7, 2011, Magistrate Judge Bryant referred this case to the undersigned to conduct a settlement conference. Docket Entry No. 12. Counsel have agreed to the date of Thursday, April 28, 2011. A pre-settlement telephone conference is scheduled for 12:00 noon, Tuesday, April 26, 2011. The parties shall adhere to the following procedure for submitting their settlement conference statements.

• <u>If she has not already done so, the plaintiff shall promptly forward a settlement demand to the defendant, to which the defendant shall promptly respond. The parties shall thereafter engage in any appropriate settlement discussions.</u>

• By ***4:00 p.m. on Monday, April 25, 2011***, plaintiff and defendant shall deliver[1] *under seal*, directly to Ms. Jeanne Cox, Courtroom Deputy to the undersigned, or Mr. Steve Wilson or Mr. Peter Malanchuk, law clerks to the undersigned, ex parte, separate settlement conference statements which shall specify their respective settlement positions.

• Counsel for defendant shall initiate a conference call with the Court and the other counsel in this case at ***12:00 noon, Tuesday, April 26, 2011***, to discuss any matters that the Court and/or the parties may have with regard to the conduct of the settlement conference. Each attorney that plans to participate in the conference call should provide their name and contact information to the attorney that is directed to initiate the call.

---

[1] The parties may fax their settlement conference statements to the Court at 615/736-7070. In the alternative, for personal delivery, the Court's address is: 756 U.S. Courthouse, 801 Broadway, Nashville, TN 37203. Mailing the statement is the <u>least</u> efficient method for getting the statements to the Court inasmuch as mail service to this office is often delayed for a variety of reasons. If faxed, the undersigned <u>does not need</u> a mailed or hand delivered copy of the statement.

- Each settlement conference statement is to be furnished only to the Court and not to the other side. The statement(s) shall not be filed with the Clerk of Court, which includes electronic filing, or left in the night depository.

- Each statement shall contain a summary of the facts in the case and the parties' respective views of the law as to the theory of liability or defense.

- In their respective statements, counsel for plaintiff and defendant shall make a candid assessment of the strengths and weaknesses of both sides of the case and shall give a good faith opinion (expressed as a percentage) of each client's probable success on the merits.

- Plaintiff's statement shall contain an assessment from plaintiff's viewpoint of her damages and the strengths and weaknesses of her position.

- Defendant's statement shall contain an assessment of the plaintiff's damages, defendant's exposure to those damages, and the respective strengths and weaknesses of defendant's position.

- Nothing in the way of a jury speech shall be contained in the settlement conference statements.

- Each statement shall contain an assessment of the economic cost of proceeding to trial.

- Each settlement conference statement also shall contain a statement of counsel's best judgment as to the amount which should be paid or received by his or her client in a settlement of the case based on counsel's written evaluation and opinion and after a full discussion of the opinion with the client.

- Each statement shall include the maximum amount the defendant is willing to pay and the minimum amount the plaintiff is willing to accept,[2] and any other terms on which the client insists.

- Each statement shall recount, with specificity, the settlement discussions between the parties to date.

- A settlement conference in this action shall be held on **Thursday, April 28, 2011, at 9:00 a.m.**,[3] in Courtroom No. 764, U.S. Courthouse, 801 Broadway, Nashville.

---

[2] Essentially, the parties shall provide their "bottom line." However, the parties should be prepared to negotiate further from these figures during the course of the settlement conference.

[3] The parties are advised that they should not schedule anything else on this date and to be prepared to spend the entire day in this settlement conference, if necessary.

- The plaintiff and a representative of the defendant shall be present with **full settlement authority**.[4]

- Counsel for each party shall be prepared to present a **brief** opening statement (5 to 10 minutes) in the courtroom at the beginning of the settlement conference.

It is so ORDERED.

*[signature]*

JULIET GRIFFIN
United States Magistrate Judge

---

[4] The parties are advised that unless otherwise specifically ordered, failure to be present with full settlement authority could result in imposition of sanctions pursuant to Rule 16(f) of the Federal Rules of Civil Procedure. For the purposes of this case, full settlement authority of the defendant is deemed to be up to the last demand made by the plaintiff. Full settlement authority also means that the plaintiff and the representative of the defendant present at the settlement conference do not need authority from any other individual to enter into any settlement agreement. The plaintiff and the representative of the defendant present at the settlement conference shall have total independent authority to enter into **any** settlement agreement.